IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LYNETTE NANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2016 CV 7739 |
| v. | ) | |
| | ) | |
| W.W. GRAINGER, INC. | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, LYNETTE NANO, by and through her Attorney, BRIAN J. GRABER, LTD., and complaining of Defendant, W.W. GRAINGER, INC., (hereinafter referred to as "GRAINGER") as follows:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant, GRAINGER, for wrongful termination in violation of Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1) seeking any and all damages consisting of back pay, lost benefits, interest, liquidated damages, reinstatement or front pay, attorney's fees, expert witness fees, and litigation costs; wrongful termination in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(A) based on age discrimination, seeking any and all damages under 775 ILCS 5/8A-104 including, back pay, lost benefits, actual damages, compensatory damages, interest, reinstatement or front pay, attorney's fees, costs, and expert witness fees; and Illinois common law retaliatory discharge for internally reporting workplace violence and criminal activity of a co-worker and seeking any and all damages, including but not limited to back pay, lost benefits, compensatory damages, diminished earning capacity, interest, and punitive damages.

1

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 as to Plaintiff, LYNETTE NANO'S claims for wrongful termination in violation of Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1) against Defendant, GRAINGER, and 42 U.S.C. §1367 as to Plaintiff's claims under the Illinois Human Rights Act, 775 ILCS 5/2-102(A) for age discrimination and claims for Illinois common law retaliatory discharge.

3. Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(2) where a substantial amount of the improper employment practices occurred in the Northern District of Illinois, Eastern Division at Defendant, GRAINGER'S office center located at 1657 Shermer Road, Northbrook, Cook County, Illinois.

4. On December 22, 2015, Plaintiff, LYNETTE NANO, timely dual filed her Charge of Discrimination with both the EEOC and the IDHR alleging claims against Defendant, GRAINGER, for wrongful termination based on age discrimination.

5. On or about May 6, 2016, the EEOC issued Plaintiff, LYNETTE NANO, a Notice of Right to Sue.

6. On or about July 21, 2016, the IDHR adopted the finding of the EEOC and has allowed Plaintiff to file her age discrimination claims against Defendant, GRAINGER, in a court of competent jurisdiction. Plaintiff received the IDHR Notice of Dismissal and Closure Order allowing her to proceed on her claims for age discrimination under the Illinois Human Rights Act on August 1, 2016.

7. Plaintiff, LYNETTE NANO, exhausted her administrative remedies with both the EEOC and the IDHR and timely filed this lawsuit against Defendant, GRAINGER, for age discrimination under 29 U.S.C. §623(a)(1) and 775 ILCS 5/2-101(A).

## PARTIES

8. At all times mentioned herein, Defendant, GRAINGER, is an Illinois corporation with its principle place of business located at 100 Grainger Parkway, Lake Forest, Illinois.

9. At all times mentioned herein, Defendant, GRAINGER, is a fortune 500 industrial supply company with operations in the United States, Canada, Latin America, Japan, China, and Europe.

10. At all times mentioned herein, Defendant, GRAINGER, represents on its Linked In website page that it employs in excess of 10,000 employees.

11. At all times mentioned herein, Plaintiff, LYNETTE NANO, was a resident of the City of Chicago, County of Cook, State of Illinois.

12. On or about November 27, 2006, Defendant, GRAINGER, employed Plaintiff, LYNETTE NANO, as a sales person to work at its office facilities located at 1657 Shermer Road, Northbrook, Cook County, Illinois.

## COUNT I

## W.W. GRAINGER, INC.

## AGE DISCRIMINATION IN EMPLOYMENT ACT

NOW COMES the Plaintiff, LYNETTE NANO, by and through her Attorney, BRIAN J. GRABER, LTD., and complaining of Defendant, W.W. GRAINGER, INC., terminating her employment in violation of 29 U.S.C. §623(a)(1) and in support thereof states as follows:

1-12. Plaintiff, LYNETTE NANO, re-alleges paragraphs 1 through 12 as paragraphs 1-12 of Count I.

13. At all times mentioned herein, Defendant, W.W. GRAINGER, INC., [hereinafter referred to as "GRAINGER"] was an "employer" as the term is defined by 29 U.S.C. §630(b), a

corporation engaged in the industrial supply industry affecting commerce and having twenty or more employees for each working day in each of twenty or more calendar weeks in the years 2014 and 2015.

14. At all times mentioned herein, pursuant to 29 U.S.C. §631(a) Plaintiff, LYNETTE NANO, was in a protected class, a person over the age of 40 years of age.

15. At all times mentioned herein, Defendant, GRAINGER, employed Plaintiff, LYNETTE NANO, as a sales person.

16. At all times mentioned herein, Plaintiff, LYNETTE NANO, was performing her job duties as a sales person to Defendant, GRAINGER'S reasonable and legitimate expectations.

17. At all times mentioned herein, it was a violation of 29 U.S.C. §623(a)(1) for Defendant, GRAINGER, discharge or otherwise discriminate against Plaintiff, LYNETTE NANO, because of her age.

18. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Mary Kelly, Kathy Lawson, and Leah Chiles, and each of them, made the decision to terminate Plaintiff, LYNETTE NANO.

19. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Mary Kelly, Kathy Lawson, and Leah Chiles terminated Plaintiff, LYNETTE NANO'S employment.

20. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Mary Kelly, Kathy Lawson, and Leah Chiles terminated Plaintiff, LYNETTE NANO'S employment because of her age in violation of 29 U.S.C. §623(a)(1).

21. After terminating Plaintiff, LYNETTE NANO'S employment on September 1, 2015, Defendant, GRAINGER, acting through its management employees, hired a significantly younger employee to replace Plaintiff, LYNETTE NANO.

22. After September 1, 2015, Defendant, GRAINGER, acting through its authorized management employees made admissions that Defendant, GRAINGER, terminated Plaintiff, LYNETTE NANO'S employment for lack of work.

23. As a direct and proximate cause of Defendant, GRAINGER'S age discrimination in violation of 29 U.S.C. §623(a)(1), Plaintiff, LYNETTE NANO, seeks damages pursuant to 29 U.S.C. §626(b) for back pay with interest; lost benefits; reinstatement/front pay; and any and all legal and equitable damages allowed to make her whole.

24. At all times mentioned herein, Defendant, GRAINGER'S age discrimination against Plaintiff, LYNETTE NANO, was in willful violation of 29 U.S.C. §623(a)(1) and pursuant to 29 U.S.C. §626(b), Plaintiff, LYNETTE NANO, seeks liquidated damages against Defendant, GRAINGER.

25. As a direct and proximate cause of Defendant, GRAINGER'S age discrimination in violation of 29 U.S.C. §623(a)(1), pursuant to 29 U.S.C. §626(b) through 29 U.S.C. §216(d), Plaintiff, LYNETTE NANO, seeks an award of attorney's fees, expert witness' fees, and litigation costs against Defendant, GRAINGER.

WHEREFORE the Plaintiff, LYNETTE NANO, seeks judgment against Defendant, W.W. GRAINGER, INC., in excess of Six Hundred Thousand Dollars ($600,000.00) for back pay with interest, lost benefits, reinstatement/front pay, liquidated damages, attorney's fees, expert witness fees, litigation costs, and any and all legal and equitable damages to make her whole.

## COUNT II

## W.W. GRAINGER, INC.

## ILLINOIS HUMAN RIGHTS ACT – AGE DISCRIMINATION

NOW COMES the Plaintiff, LYNETTE NANO, by and through her Attorney, BRIAN J. GRABER, LTD., and complaining of Defendant, W.W. GRAINGER, INC., terminating her employment in violation of 775 ILCS 5/2-101(A) and in support thereof states as follows:

1-12.　Plaintiff, LYNETTE NANO, re-alleges paragraphs 1 through 12 as paragraphs 1-12 of Count II.

13.　At all times mentioned herein, Defendant, W.W. GRAINGER, INC., [hereinafter referred to as "GRAINGER"] was an "employer" pursuant to 775 ILCS 5/2-101(B)(1)(a) employing fifteen or more full-time employees.

14.　At all times mentioned herein, Plaintiff, LYNETTE NANO, was in a protected class, pursuant to 775 ILCS 5/1-103(A) and (Q), a person over the age of 40 years of age.

15.　On or about November 27, 2006, through September 1, 2015, Defendant, GRAINGER, hired and employed Plaintiff, LYNETTE NANO, as a sales person in the State of Illinois.

16.　At all times mentioned herein, Plaintiff, LYNETTE NANO, was performing her job duties as a sales person to Defendant, GRAINGER'S reasonable and legitimate expectations.

17.　At all times mentioned herein, it was a violation of 775 ILCS 5/2-101(A) for Defendant, GRAINGER, to terminate Plaintiff, LYNETTE NANO because she was over the age of forty.

18. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employee, including but not limited to Mary Kelly, Kathy Lawson, and Leah Chiles, and each of them, made a decision to terminate Plaintiff, LYNETTE NANO.

19. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, Mary Kelly, Kathy Lawson, and Leah Chiles, terminated Plaintiff, LYNETTE NANO'S employment.

20. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Mary Kelly, Kathy Lawson, and Leah Chiles, terminated Plaintiff, LYNETTE NANO'S employment in violation of 775 ILCS 5/2-102(A) because of her age.

21. After terminating Plaintiff, LYNETTE NANO'S employment on September 1, 2015, Defendant, GRAINGER, acting through its management employees, hired a significantly younger employee to replace Plaintiff, LYNETTE NANO.

22. After September 1, 2015, Defendant, GRAINGER, acting through its authorized management employees made admissions that Defendant, GRAINGER, terminated Plaintiff, LYNETTE NANO'S employment for lack of work.

23. As a direct and proximate cause of Defendant, GRAINGER'S age discrimination against Plaintiff, LYNETTE NANO, she suffered loss of her employment, lost wages, back pay damages, lost benefits, emotional distress naturally flowing from the wrongful termination, actual and compensatory damages, damage to her personal property, diminished earning capacity, future loss of earnings, damage to her reputation, reinstatement/front pay and seeks interest on all damages pursuant to 775 ILCS 5/8A-104(A) through (J).

7

24. As a direct and proximate cause of Defendant, GRAINGER'S age discrimination against Plaintiff, LYNETTE NANO, she seeks attorney's fee, expert witness fees, and litigation costs pursuant to 775 ILCS 5/8A-104(A) through (J).

WHEREFORE the Plaintiff, LYNETTE NANO, seeks judgment against Defendant, W.W. GRAINGER, INC., in excess of Seven Hundred Thousand Dollars ($700,000.00) for back pay damages, lost benefits, emotional distress naturally flowing from the wrongful termination, actual and compensatory damages, damage to her personal property, diminished earning capacity, future loss of earnings, damage to her personal reputation, future lost earnings, reinstatement/front pay, interest, attorney's fees, expert witness fees, and litigation costs.

## COUNT III

## W.W. GRAINGER, INC.

## RETALIATORY DISCHARGE

NOW COMES the Plaintiff, LYNETTE NANO, complaining of Defendant, W.W. GRAINGER, INC., terminating her employment in violation of Illinois common law retaliatory discharge and in support thereof, Plaintiff states as follows:

1-3. Plaintiff, LYNETTE NANO, re-alleges paragraphs 1 through 3 as paragraphs 1-3 of Count III.

4. At all times mentioned herein, Defendant, W.W. GRAINGER, INC., [hereinafter referred to as "GRAINGER"] is an Illinois corporation with its principle place of business located at 100 Grainger Parkway, Lake Forest, Illinois.

5. At all times mentioned herein, Defendant, GRAINGER, is a fortune 500 industrial supply company with operations in the United States, Canada, Latin America, Japan, China, and Europe.

6. At all times mentioned herein, Defendant, GRAINGER, represents on its Linked In website page that it employs in excess of 10,000 employees.

7. At all times mentioned herein, Plaintiff, LYNETTE NANO, was a resident of the City of Chicago, County of Cook, State of Illinois.

8. On or about November 27, 2006, Defendant, GRAINGER, employed Plaintiff, LYNETTE NANO, as a sales person to work at its office facilities located at 1657 Shermer Road, Northbrook, Cook County, Illinois.

9. At all times mentioned herein, Defendant, GRAINGER, employed Hanan Dimeas, as a sales person working at its office facilities located at 1657 Shermer Road, Northbrook, Cook County, Illinois.

10. On and before June 11, 2015, Defendant, GRAIGNER'S employee, Hanan Dimeas, regularly bullied and harassed Plaintiff, LYNETTE NANO, during the course of her employment.

11. On or about June 11, 2015, Defendant, GRAINGER'S employee, Hanan Dimeas, was yelling over the cubicles to another employee and looked over at Plaintiff, LYNETTE NANO, stating in a threatening manner, "What's that look for? Do you have a problem? Keep it up!"

12. On or about June 11, 2015, Plaintiff, LYNETTE NANO, felt threatened by Hanan Dimeas' behavior and comments and reported what she honestly and reasonably believed to be workplace violence to her employer, Defendant, GRAINGER.

13. As of August of 2015, Defendant, GRAINGER, acting through its management employees were aware of Plaintiff, LYNETTE NANO'S claims Hanan Dimeas was bullying her

and harassing her in the workplace and had engaged in workplace violence by making threating statements.

14. On or about August 27, 2015, Plaintiff, LYNETTE NANO, was walking through the parking lot and was nearly struck by a vehicle operated by Hanan Dimeas.

15. On or about August 27, 2015, Plaintiff, LYNETTE NANO, discovered someone had intentionally changed the ergonomic settings on her desk chair.

16. On or about August 27, 2015, Plaintiff, LYNETTE NANO, engaged in protected activity by reporting internally to Defendant, GRAINGER, through its management employees, Leah Chiles and Kathy Lawson, what she reasonably and honestly believed to be Hanan Dimeas' criminal conduct in almost striking Plaintiff with her vehicle as she walked through the parking lot in violation of the following criminal laws:

    a)     625 ILCS 5/11-503(a)(1) reckless driving, a class A misdemeanor;

    b)     720 ILCS 5/21-1 assault;

    c)     720 ILCS 5/12-6, Intimidation;

    d)     720 ILCS 5/26-1, Disorderly Conduct.

17. On or about August 27, 2015, Plaintiff, LYNETTE NANO, engaged in protected activity by reporting to Defendant, GRAINGER, through its management employees, Leah Chiles and Kathy Lawson, what she reasonably and in good faith believed to be workplace violence when Hanan Dimeas almost struck Plaintiff with her vehicle as Plaintiff was walking through Defendant, GRAINGER'S parking lot.

18. On or about August 27, 2015, Plaintiff, LYNETTE NANO, engaged in protected activity by internally reporting to Defendant, GRAINGER, what she reasonably and honestly

believed to be workplace violence and violations of Illinois criminal law committed by her co-worker, Hanan Dimeas.

    19.    At all times mentioned herein, Illinois has a clearly mandated public policy against terminating an employee for reporting instances of workplace violence based on one or more of the following:

    a)    The language of Illinois Constitution demonstrates an overall concern for the safety and well-being of Illinois citizens;

    (1)    The Preamble acknowledges the formation of a system of government "in order to provide for the health, safety, and welfare of the People." Ill. Const. 1970 Preamble.

    (2)    The aim is reiterated in reference to local governments, as house rule powers include the power to regulate "for the protection of the public health, safety, morals and welfare." Ill. Const. Art VII §6(a).

    (3)    The Illinois Bill of Rights demonstrates a concern for the physical safety of both individuals and general public in Section 3 (Religious Freedom) and Section 9 (Bail and Habeas Corpus). Ill. Const. Art I §§3, 9.

    b)    A number of Illinois statutes have been enacted that demonstrate concern for the safety of Illinois Citizens in the workplace:

    (1)    Health Care Workplace Violence Protection Act, 405 ILCS 90/1, et seq.;

    (2)    Victim's Economic Security and Safety Act, 820 ILCS 180/5(11);

    (3)    Illinois legislature mandated the creation of a modal policy regarding domestic violence and sexual assault awareness in the workplace, 20 ILCS 605/605-550;

    (4)    Assault, 720 ILCS 5/12-1;

    (5)    Aggravated Assault, 720 ILCS 5/12-2, increasing criminal penalties for assaults committed against certain professionals performing their job duties;

    (6)    Battery, 720 ILCS 5/12-3;

    (7)    Aggravated Battery, 720 ILCS 5/12-3.05, increasing criminal penalties for batteries committed against certain professionals performing their job duties;

11

    (8) Intimidation, 720 ILCS 5/12-6, criminal penalties for threatening to inflict physical harm;

    (9) Aggravated Intimidation, 720 ILCS 5/12-6, imposing increasing criminal penalties intimidating certain professionals doing their job duties;

    (10) Disorderly Conduct, 720 ILCS 5/26-1, imposing criminal penalties on persons acting in an unreasonable manner as to alarm or disturb another and provoke a breach of the peace;

    (11) Reckless driving, imposing criminal penalties for driving a motor vehicle in willful and wanton disregard for the safety of persons or property.

  c) Case law demonstrates a clearly mandated public policy against terminating an employee for reporting instances of workplace violence. See Daoust v. Abbott Laboratories, 2007 U.S. Dist. LEXIS 2138 at *9, *12, *13 (N.D. Ill. Jan. 11, 2007).

20. At all times mentioned herein, Illinois has a clearly mandated public policy favoring the exposure of crime or whistle-blowing by preventing employers from terminating employees for reporting commission of a crime at her place of employment. See Palmateer v. International Harvester Co., 85 Ill.2d 124 (1981).

21. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Kathy Lawson, made the decision to terminate Plaintiff, LYNETTE NANO'S employment.

22. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Leah Chiles, made the decision to terminate Plaintiff, LYNETTE NANO'S employment.

23. On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Mary Kelly, made the decision to terminate Plaintiff, LYNETTE NANO'S employment.

24.     On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Dee Dixon, made the decision to terminate Plaintiff, LYNETTE NANO'S employment.

25.     On and before September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Kathy Lawson, Leah Chiles, Mary Kelly, and Dee Dixon, were aware Plaintiff, LYNETTE NANO, had engaged in protected activity on August 27, 2015, by reporting to Defendant, GRAINGER, what she reasonably and in good faith believed to be workplace violence and violations of Illinois criminal law committed by her co-worker, Hanan Dimeas, in almost striking her in the parking lot with her vehicle.

26.     On or about September 1, 2015, Defendant, GRAINGER, acting through its management employees, including but not limited to Kathy Lawson, Leah Chiles, Mary Kelly, and Dee Dixon, terminated Plaintiff, LYNETTE NANO'S employment.

27.     On or about September 1, 2015, Defendant, GRAINGER, terminated Plaintiff, LYNETTE NANO'S employment, because of one or more of the following reasons in violation of clearly mandated public policies:

a)   Reporting what she reasonably and honestly believed was an incident of workplace violence;

b)   Reporting what she reasonably and honestly believed to be a co-worker's criminal activity.

28.     That as a direct and proximate cause of one or more of Defendant, GRAINGER'S violations of clearly mandated Illinois public policies, Plaintiff, LYNETTE NANO, suffered damages, including but not limited to emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, injury to character, future pecuniary loss, actual damages, back pay with interest, lost future earning capacity, damage to her personal property, and other

pecuniary and non-pecuniary damages and other financial considerations and benefits arising out of her employment.

29.  At all times mentioned herein, Defendant, GRAINGER, acted with intentional and reckless disregard for Plaintiff's rights and Plaintiff, LYNETTE NANO, seeks an award of punitive damages against Defendant, GRAINGER.

WHEREFORE, Plaintiff, LYNETTE NANO, demands judgment against Defendant, W.W. GRAINGER, INC., in an amount in excess of Two Million Dollars ($2,000,000.00), plus any and all allowable litigation costs of this lawsuit.

## JURY DEMAND

Plaintiff, LYNETTE NANO, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

/s/ Brian J. Graber
Attorney for Plaintiff

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Lynette Nano
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
FAX (312) 854-2877
Email: graberlaw1973@gmail.com